## NEW YORK SUPERIOR COURT.

ZENAS D. BASSET, Jr., and others agt. ABNER CROWELL, and others.

It is a well settled principle of law, that where a *vessel is sailed on shares*, (not chartered) all the owners are responsible for her *bills*, especially where the items of those bills show they were for port charges.

*New York General Term, December,* 1864.
*Before* MONCRIEF, P. J., GARVIN & MC CUNN, *Justices.*

THIS is an action brought to recover the sum of $1,174. 01, being moneys advanced by the plaintiffs for the defendants for and on account of the brig Rogelem, of which the defendants were owners.

E. C. BENEDICT, *for plaintiffs.*
DEXTER HAWKINS, *for defendants.*

By the Court, McCUNN, J.　It appears that R. M. Harrison & Co., of New Orleans, the agents of the brig, advanced this sum as port dues, &c; that one of the owners of the vessel requested that they, R. M. Harrison & Co., should draw on plaintiffs for the amount of the advances, the draft was accordingly so drawn, and was duly accepted and paid by plaintiffs, and the amount of said draft never having been paid back to plaintiffs, this action is brought against all the owners.　Some of the defendants set up in their answer, after alleging some immaterial matter, that they were not responsible for the debts of the brig, for, although they were the owners, yet, at the time the advances were made, they had let the vessel out to one Crowell, a joint owner, and that said Crowell alone was responsible.　This was substantially the principal issue. There is no dispute about the fact that the plaintiffs paid out about $1,174.01 on account of the brig, and that the advances had been made at the request of one of the owners (Crowell), and the question is simply, was that advance of such a nature under the circumstances as to bind the other owners?　I think clearly it was.

It appears from the evidence that the defendant Crowell was sailing the brig for the joint benefit of all the defendants, and each was receiving a share of the profits, and they all were to pay a share of at least some of the bills. The evidence is not that he had chartered the vessel, but that he was sailing her for the joint benefit of all the partners, the defendants themselves included.　This evidence is uncontradicted, and of course at once fixes the liabilities of these defendants in this action.　Clearly in law, then, these defendants were jointly responsible with Crowell for this debt.　There is no more well settled principle in law than, that where a vessel is sailed on shares, all the

owners are responsible for her bills, especially where the items of those bills show they were for port dues. This embraces all the important points of the case, and the exceptions should, therefore, be overruled, and the judgment affirmed, with costs.

MONCRIEF, Presiding Justice, and GARVIN, Justice, concurred.